**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 3:05-CR-0008-M |
| | § | |
| PAUL GILLESPIE GREENLEE | § | |

## MEMORANDUM OPINION AND ORDER

On July 18, 2005, the Court heard testimony and argument on the Motion to Suppress of Defendant Paul Gillespie Greenlee, filed on July 1, 2005. For the following reasons, Defendant's Motion to Suppress is DENIED.

## BACKGROUND

On January 16, 2004, law enforcement officers with the Dallas Police Department and Federal Bureau of Investigation executed a search warrant at Defendant's residence. As a result of the search, the officers recovered electronic images of child pornography, purportedly belonging to Defendant. Defendant was indicted on January 19, 2005, charged with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In his Motion to Suppress, Defendant argues that the search warrant issued without probable cause, because it was based on stale, unreliable and irrelevant information.

The affidavit offered in support of the search warrant relies principally on two sources of information. First, Joseph Fields, an employee of Defendant, advised the FBI on January 7, 2004, that, several weeks prior, he had discovered images of child pornography among files he had extracted from Defendant's computer. The affidavit indicates Field performed a back-up of portions

of Defendant's hard drive on September 28, 2003, and retained a number of Defendant's files on zip disks. Fields claims he reviewed those files in mid-December of 2003, when he attempted to reuse the disks, and discovered one video file containing what he believed to be two young boys engaging in sexual conduct.

Second, Christine Buie reported to the FBI in August of 2002 that she had witnessed images of child erotica[1] on Defendant's computer. In January of 2004, when contacted in connection with the investigation that led to the warrant issuing in this case, Buie signed an affidavit stating that she had also witnessed images of child pornography on Defendant's computer in 2001. Defendant argues these accounts, offered in support of the search warrant, are too remote in time and too unreliable to support a finding of probable cause.

**ANALYSIS**

The Court engages in a two-step inquiry in adjudicating a Motion to Suppress. It must first determine whether the good-faith exception to the exclusionary rule applies. *United States v. Craig*, 861 F.2d 818, 820-21 (5th Cir.1988); *United States v. Leon*, 468 U.S. 897 (1984). The good faith exception provides that "evidence obtained by law enforcement officials acting in objectively reasonable, good-faith reliance upon a search warrant issued by a neutral magistrate is admissible, even if the affidavit on which the warrant was based was insufficient to establish probable cause." *U.S. v. Peden*, 891 F.2d 514, 519 (5th Cir. 1989). If the good-faith exception applies, the evidence is deemed admissible, and the Court's inquiry is complete. *U.S. v. Webster*, 960 F.2d 1301, 1307 (5th Cir. 1992). Otherwise, the Court's second step is to determine whether "the magistrate had a

[1]In the affidavit, Detective Dugger uses the term "child erotica" to refer to images in which children are depicted in suggestive poses, without their genitals being shown, and which do not constitute child pornography.

substantial basis for. . . concluding that probable cause existed." *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129 (5th Cir. 1997).

Issuance of a warrant by a magistrate or judge "normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." *Craig*, 861 F.2d at 821. There are four circumstances in which the good faith exception will not apply: (1) "the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth"; (2) "the issuing magistrate/judge wholly abandoned his or her judicial role"; (3) "the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) "the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid." *Id*. Defendant bears the burden of proving the good faith exception inapplicable, by a preponderance of the evidence. *U.S. v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002).

Two of the four circumstances in which the good faith exception is unavailable are irrelevant to the facts of this case. The questions before the Court are: (1) whether the warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (2) whether the issuing judge was misled by information the affiant knew or should have known was false. *Craig*, 861 F.2d at 821. Having reviewed the evidence and argument presented by Defendant, the Court finds Defendant has failed to satisfy his burden of proving the good faith exception inapplicable to his case.

Defendant's principal argument is that the information provided by Fields and Buie is too remote to establish probable cause. The "amount of delay which will make information stale

depends upon the particular facts of each case, including the nature of the criminal activity and the type of evidence sought." *U.S. v. Freeman*, 685 F.2d 942, 951 (5th Cir. 1982). Information is less likely to be stale where the items sought in a search are of the type which could reasonably be expected to be kept in a particular location for long periods of time. *See id.* (finding a six month delay in obtaining a warrant for passports, financial documents and similar items did not make the information on which the warrant was based stale). Information is also unlikely to be stale if it "clearly shows a long-standing, ongoing pattern of criminal activity, even if fairly long periods of time have elapsed between the information and the issuance of the warrant." *United States v. Webster*, 734 F.2d 1048, 1056 (5th Cir. 1984).

Here, the affidavit indicates the information provided by Fields was approximately three months old (since Fields had copied the files from Defendant's computer on September 28, 2003). The information provided by Buie as to child pornography was two to three years old. A number of courts have found that remote allegations of possession of child pornography are not stale, when they are accompanied (as here) by testimony that owners of pornography tend to collect and hold images for long periods of time.[2] *See U.S. v. Rabe*, 848 F.2d 994 (9th Cir. 1988) (finding probable cause existed, based upon a two-month-old letter in which the defendant expressed his interest in trading child pornography, and a two-year-old account of the defendant possessing child pornography). *U.S. v. Harvey*, 2 F.3d 1318 (3rd Cir. 1993) (finding probable cause existed based upon evidence the defendant had acquired numerous pornographic images between two and fifteen

[2]Defendant argues such testimony is an irrelevant stereotype. The Court disagrees. The Fifth Circuit has on several occasions endorsed the use of affidavits in which an officer testifies that users of child pornography tend to keep those images for long periods of time. *See, e.g.*, *Peden*, 891 F.2d at 518 (affirming the issuing judge's reliance on testimony that compulsive pedophiles often collect "large quantities of certain types of child pornography", and keep those materials for extended periods of time in their home, and allowing the judge to draw the "common- sense conclusion" that the defendant was a compulsive pedophile).

months before the search warrant issued).[3] The affidavit in this case indicates that Defendant not only possessed child pornography in September of 2003, but in October of 2003, Defendant requested Fields transfer all of his files, including images of child pornography, to a new computer. This request permits a reasonable inference that Defendant intended to retain the pornographic materials on his new computer for an extended period of time. Although the Buie information regarding child pornography would by itself be stale, it is corroborative of the information provided by Fields, that Defendant was maintaining child pornography on his computer.[4] Even if the Buie information had not been provided, the Fields information lends directly to a reasonable conclusion that probable cause existed. Accordingly, the Court cannot conclude the warrant at issue was "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Craig*, 861 F.2d at 821.

Defendant next alleges that the affidavit includes deliberate falsehoods, or that it exhibits a reckless disregard for the truth. Defendant has identified two inaccuracies in the seven-page affidavit. He produces evidence that: (1) contrary to the affidavit's implications, Fields did not copy the alleged child pornography directly from Defendant's hard drive to the zip disk, but instead, deleted the files and then extracted them from the computer's recycle bin; and (2) the disk was found

---

[3]Defendant cites *U.S. v. Carlson*, in which a district court suppressed the fruits of a search warrant that was based on a 22-day-old account of possession of pornography. 236 F. Supp.2d 686 (S.D. Tex. 2002). However, in that case, the court's suppression analysis resulted primarily from its conclusion that the confidential informant's veracity was "suspect at best". *Id.* at 689. The informant had a criminal record, and there was no evidence his information was reliable. *Id.* None of those concerns are present here.

[4]Defendant argues Buie's information does not show probable cause because she presented it to the FBI in 2002, and the FBI found it insufficient to support a search of Defendant's residence at that time. Defendant's argument is unpersuasive. The uncontested evidence indicates that in 2002, Buie reported witnessing **child erotica** on Defendant's computer, however, she did not report witnessing **child pornography** until she was contacted in 2004, in connection with the investigation which led to the search warrant issuing in this case.

to be irreparably corrupted when Fields delivered it to the officers. However, Defendant has not produced evidence to support his assertion that the affiant, Detective Dugger, knew or should have known that the statements in the affidavit were either misleading or untrue.

Dugger testified that he believes he learned the zip disk was corrupted only after the warrant issued. Another officer, Detective Donahue, testified that at the time the warrant issued, he had attempted to have the files recovered from the zip disk, but had been unable to do so. Donahue claims he submitted the disk for forensic analysis, but was unsure of the results at the time of Dugger's affidavit. Assuming Dugger should have known that Donahue had been unable to promptly view the files that were allegedly located on the zip disk, there is no evidence Dugger or Donahue knew, or should have known, that the forensic analysis would be unsuccessful. Moreover, the Court finds the alleged misstatements not to be of sufficient magnitude to have misled the issuing judge in his probable cause analysis. *See, e.g., U.S. v. Smith*, 81 F. Supp.2d 719, 723 (E.D. Tex. 2000) (inaccurate information in an affidavit is not misleading if it has "no bearing upon the propriety of seeking a search warrant."). Even if Fields had produced a blank zip disk to the officers, his statement as to what he observed, with no apparent motive to fabricate, makes the alleged inaccuracy immaterial.[5]

Finally, Defendant attempts to assert a new argument in his supplemental Memorandum, filed July 22, 2005. He argues the search warrant improperly authorized officers to seize records,

---

[5]Defendant appears to also allege that the affidavit is inaccurate because the images witnessed by Fields in December of 2003 were more than three months old. Defendant cites Fields's testimony at the Court's suppression hearing, where he stated that he may have begun working on Defendant's computer around May or June of 2003, but did not extract the alleged child pornography from the computer until September of 2003. Defendant implies, without citation to evidence, that Fields was in sole possession of the computer from the time his work began until after the discovery of the alleged child pornography. Assuming Defendant's assertion is accurate, it is irrelevant to the good faith analysis because Defendant has not alleged Dugger was aware that the chronology in his affidavit was inaccurate at the time the search warrant issued.

correspondence and images pertaining to his alleged possession of child pornography and child erotica, and his intent to possess such materials, which were not supported by the evidence presented in the affidavit. The Court will not permit Defendant to assert a new argument at this stage of the proceedings. However, even if the argument had been timely asserted, the Court would find it to be without merit. There is a sufficient nexus between the evidence in the affidavit and the materials listed therein to permit a reasonable officer to believe there was probable cause to seize each of those items. *See U.S. v. Pigrum*, 922 F.2d 249, 252 (5th Cir. 1991) ("when a warrant application is supported by more than a 'bare bones affidavit' containing wholly conclusionary statements, it is appropriate for officers to rely on the warrant's validity").

In the alternative, and assuming for purposes of Defendant's Motion that the good faith exception were unavailable to the government, Defendant has failed to satisfy his burden of showing this Court that the warrant issued without probable cause. The Court assumes, without deciding, that Buie's statements are insufficiently proximate to the execution of the search warrant to demonstrate a pattern of unlawful conduct, and it will excise that "language from the affidavit and determine whether the remaining portion would have established the necessary probable cause." *See Cavazos*, 288 F.3d at 710. The Court will also excise the alleged inaccuracies in the affidavit pertaining to Fields's delivery of the zip disk to law enforcement officers. Finally, the Court will assume that the alleged child pornography was present on Defendant's computer when Fields began working on it in May or June of 2003. The Court is of the opinion that Fields's December, 2003 observation of child pornography among Defendant's files, combined with Fields's statement that two months prior, Defendant had requested him to transfer those files to a new computer, and Detective Nelson's statement that owners of electronic child pornography tend to retain such files on their computers

for an extended period of time, are sufficient to demonstrate a "fair probability that contraband or evidence of a crime will be found" in Defendant's home. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Therefore, the Court is not persuaded the issuing judge lacked a substantial basis for concluding that probable cause existed. *See United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129 (5th Cir. 1997).

**Conclusion**

For these reasons, Defendant's Motion to Suppress is DENIED.

**SO ORDERED.**

**DATED**: August 3, 2005.

Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE